IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

LINDA HANEY, *et al.*                                                                    PLAINTIFFS

vs.                              Civil No. 4:10-cv-04003

THE RECALL CENTER, *et al.*                                       DEFENDANTS

**REPORT AND RECOMMENDATION**
**OF A UNITED STATES MAGISTRATE JUDGE**

Before this Court is Defendant, The Recall Center ("TRC"), Motion to Dismiss. ECF No. 10. Plaintiffs have responded to Defendant's Motion. ECF No. 13. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2005), United States District Judge Harry F. Barnes referred the Motion to the undersigned for decision. The Court having reviewed the pleadings finds Defendant TRC's Motion to Dismiss (ECF. No. 10) should be **DENIED**.

**1. Background**

On January 14, 2010, Plaintiffs filed their original complaint. ECF No. 1. Plaintiffs bring this putative class action lawsuit and allege violations of the Driver's Privacy Protection Act, 18 U.S.C. § 2721 *et seq.* ("DPPA"). Defendant TRC requests that Plaintiffs' case be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) because Plaintiffs failed to state a claim upon which relief can be granted. ECF No. 10. Plaintiffs responded to this and request that it be denied. ECF No. 13. This motion is currently before this Court.

**2. Applicable Law**

Pursuant to FED. R. CIV. P. 12(b)(6), a case may be dismissed if the plaintiff fails to "state

1

a claim upon which relief can be granted." In assessing whether a plaintiff has failed to state a claim, a court should first presume the facts as stated are true. *See Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949-50 (2009). Second, a court must determine whether the plaintiff pleads factual content that allows the court to draw the reasonable inference "that the defendant is liable for the misconduct alleged." *Id.* Dismissal is not proper when the factual allegations in a complaint, which are assumed to be true, are sufficient to state a claim to relief that is plausible on its face. *See Hawks v. J.P. Morgan Chase Bank,* 591 F.3d 1043, 1049 (8th Cir. 2010) (internal quotation marks and citations omitted).

### 3. Discussion

The DPA makes it unlawful for a person to knowingly obtain or disclose personal information from a motor vehicle record for any use not permitted under the Act and also states that a person who knowingly obtains, discloses, or uses such information for a purpose not permitted under the statutory chapter shall be liable to the individual to whom the information pertains. *See* 18 U.S.C. § 2721-2724.

The Plaintiffs allege they are each a resident of Arkansas and holder of an Arkansas driver's license, constituting a "motor vehicle operators permit" as referenced in § 2725(1) of the DPPA. ECF No. 1, Pg. 2-4. Plaintiffs also allege they are owners of automobiles registered in Arkansas for which there exists a "motor vehicle title" and "motor vehicle registration" as referenced in the DPPA. ECF No. 1, Pg. 2-4. Plaintiffs allege each of their driver's licenses, motor vehicle titles and motor vehicle registrations contain "personal information" concerning the Plaintiffs within the meaning of § 2725(3) of the DPPA. ECF No. 1, Pg. 2-4.

Plaintiffs state in their complaint that "once a 'person,' as defined by the DPPA, certifies to the State of Arkansas that they have a lawful purpose for *some* personal information and/or have

obtained any requisite consent . . . the State of Arkansas provides that 'person' with a copy of the State's *entire database* of names, addresses and other personal information." ECF No. 1, Pg. 7-8. Plaintiffs allege Defendant purchased this entire database of names from the State of Arkansas and do not have a permissible purpose to obtain all the personal information contained in the database. ECF. No. 1, Pg. 8.

Plaintiffs allege Defendant knowingly obtained "personal information" pertaining to Plaintiffs and members of the putative Class from "motor vehicle records" maintained by the State of Arkansas, in violation of the DPPA, 28 U.S.C. § 2721 *et seq*., and further, that the obtaining and use of this information was not for a purpose authorized by the DPPA ECF No. 1, Pg. 11.

Finally, Plaintiffs allege they and members of the putative Class have suffered harm as their private information has been unlawfully obtained. Furthermore, Plaintiffs allege they have suffered harm by virtue of increased risks associated with having their protected data in the possession of numerous individuals. In addition, Plaintiffs allege they and members of the putative Class are entitled to liquidated damages of $2,500.00 for each instance in which Defendant violated the DPPA ECF No. 1, Pg. 11-12.

Pursuant to Fed. R. Civ. R. 8(a)(2) a complaint need only contain a short plain statement of the claim showing that the pleader is entitled to relief. Plaintiffs Complaint is in compliance with this rule. Furthermore, Plaintiffs Complaint alleges a cause of action pursuant to the DPPA and the complaint provides TRC with sufficient facts to demonstrate the plausibility of their claims. *See Hawks,* 591 F.3d at 1049.

### 4. Conclusion

Based upon the foregoing, this Court recommends that Defendant TRC's Motion to Dismiss

(ECF No. 10) be **DENIED.**

The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court. *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

ENTERED this 6th day of December, 2010.

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE