IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS

| | |
|---|---|
| LINDA HANEY, MARGARET SMITH, BEULAH SKIVER, MARY JO RING, MARY JANE COMSTOCK, YOLANDA CURRY and GERALDINE GARRETT on behalf of themselves and all others similarly situated,<br>    Plaintiffs,<br><br>v.<br><br>THE RECALL CENTER<br>    Defendant. | CIVIL ACTION NO. 10-4003<br><br>**JOINT RULE 26(f) REPORT** |

On June 27th, 2011, the parties met and conferred via telephone in accordance with Federal Rules of Civil Procedure 26(f) and Local Rule 26.1 pursuant to the Court's Initial Scheduling Order (Dkt. No. 30). After consultation, the parties submit the following for the Court's review:

## I. Staged Proceedings

1. The matter before the Court is a proposed class action case. The parties have agreed that this litigation shall be divided into two stages. The first shall focus on class certification discovery and briefing (hereinafter, the "Class Certification" stage). The second shall focus on the substantive matters of the case (hereinafter, the "Merits Stage").

## II. Class Certification Discovery

2. The parties agree that during the Class Certification stage of litigation, discovery shall be limited to those matters that are necessary for the Court to determine whether this case may be maintained as a class action under Rule 23. In the Class Certification stage, Plaintiffs may take depositions of the corporate representatives of Defendant and Defendant may take the

depositions of each named Plaintiff; however, these depositions will be limited to matters relevant to the Class Certification stage.

3.  The parties shall commence Class Certification discovery on June 27, 2011, and shall complete such discovery on September 2, 2011.

4.  The parties shall exchange the information required by Federal Rule of Civil Procedure 26(a)(1) relating to class certification issues by July 22, 2011.

5.  Plaintiffs shall disclose their Class Certification experts and their reports on August 5, 2011; Defendant shall disclose its Class Certification experts and their reports on August 19, 2011; and depositions of all class certification experts will be completed by September 2, 2011.

6.  Discovery motions related to Class Certification shall be filed on or before September 2, 2011.

### III.   Class Certification Briefing and Hearing

7.  Pursuant to the Court's Initial Scheduling Order, Plaintiffs' Motion for Class Certification shall be due on or before September 25, 2011.

8.  After the briefing is completed, the parties request the Court to schedule a hearing on the Class Certification issue on or about October 31, 2011.

### IV.   Merits Discovery

9.  Merits Discovery shall commence immediately after this Court has ruled on Class Certification (hereinafter, "Date X").

10. The parties shall commence Merits Stage discovery on Date X + 1 and shall complete such discovery on Date X + 240. This deadline takes into account 1) the nature and extent of Plaintiffs' damages; 2) the nature of Defendant's defenses; 3) the volume of

discoverable material; 4) location and inspection of discovery; 5) depositions of local and out-of-town fact witnesses; 6) depositions of local and out-of-town expert witnesses; and 7) the parties' schedules as well as their counsels' availability.

11.     The parties have not conducted any discovery to date.

12.     The parties shall exchange the information required by Federal Rule of Civil Procedure 26(a)(1) on or before Date X + 30.

13.     In addition to Rule 26(a)(1) disclosures, the parties anticipate 1) exchanging interrogatories, requests for production of documents, and requests for admissions; 2) deposing fact witnesses; 3) deposing expert witnesses; and 4) conducting expert witness analysis, testing, and reporting.

14.     Plaintiffs shall disclose the information required by Federal Rule of Civil Procedure 26(a)(2) and produce expert report(s) by Date X + 150; and Defendant shall disclose the information required by Federal Rule of Civil Procedure 26(a)(2) and produce expert report(s) by Date X + 180.  The parties shall serve any objections to such disclosures (other than objections pursuant to Federal Rule of Evidence 702-05, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law), within 21 days after service of the disclosures upon them.  The parties agree that these objections need not extend to the admissibility of the expert's proposed testimony.  Supplementations of disclosures under Federal Rule of Civil Procedure 26(e) shall be served at such times and under such circumstances as required by that rule.  In addition, such supplemental disclosures shall be served no later than 30 days before the deadline for completion of all discovery.

15. The deadline for deposing expert witnesses discussed in the preceding paragraph shall be Date X + 240.

16. Discovery motions shall be filed on or before Date X + 240.

17. The parties shall serve preliminary witness and exhibit disclosures pursuant to Federal Rule of Civil Procedure 26(a)(3) by Date X + 330. The parties agree that these disclosures shall provide a realistic listing of the witnesses and exhibits that actually are anticipated to be used during trial of the case instead of merely repeating the initial disclosures under Federal Rule of Civil Procedure 26(a)(1)(A) & (B).

## V.     Amendments

18. Any motion for leave to join additional parties shall be filed on or before Date X + 180.

19. Any motion for leave to amend the pleadings shall be filed on or before Date X + 180.

## VI.     Dispositive Motions

20. All potentially dispositive motions shall be filed on or before Date X + 270.

## VII.     Electronically Stored Information

21. Parties will be requested to disclose or produce information from electronic or computer-based media. Disclosure or production of electronically stored information will not be limited to data reasonably available to parties in the ordinary course of business. The data will be produced in electronic form along with all information necessary to enable the parties to access, search, and sort the data in the same manner and to the same extent. The parties have taken reasonable measures to preserve potentially discoverable data from alternation or destruction in the ordinary course of business or otherwise.

## VIII. Mediation

22. Mediation shall conclude on or before Date X + 300.

## IX. Trial

23. The parties object to the proposed jury trial date of May 21, 2012 because the parties submit that "Merits Stage" discovery should not commence until after the Court has ruled on Plaintiffs' Motion for Class Certification and, therefore a jury trial date should not be scheduled until after the Court's ruling.

24. Plaintiffs request a jury trial. The parties submit that trial of this cause commence on or about Date X + 360. At this stage of the proceeding it is difficult to set forth a good estimate of the number of days that will be required for trial of this matter; however, the parties do not expect the trial of this cause to take more than ten (10) days.

**Dated this 27th day of June, 2011**

        Respectfully submitted,

        *<u>ON BEHALF OF THE PLAINTIFS</u>*

        **THE COREA FIRM, P.L.L.C.**

        <u>/s/ Thomas M. Corea</u>
        **Thomas M. Corea**
        Renaissance Tower
        1201 Elm Street, Suite 4150
        Dallas, Texas 75270
        Telephone:  (214) 953-3900
        Facsimile:  (214) 953-3901
        Email: tcorea@corealaw.com
        Admitted *Pro Hac Vice*

        **BOSLER LAW FIRM, PC**

        **Timothy H. Bosler, #23442**
        706 South Washinton
        Chillcothe, Missouri 64601
        Telephone:  (660) 646-4446
        Facsimile:  (660) 646-2002
        Email: bosler@greenhills.net

*ON BEHALF OF DEFENDANT THE RECALL CENTER*

**MAC MURRAY PETERSEN SHUSTER**

/s/ Helen Mac Murray (by consent)
**Helen Mac Murray**
6530 West Campus Oval, Suite 210
New Albany, Ohio 43054
(614) 939-9955
Fax: (614) 939-9954
Email: hmacmurray@mpslawyers.com

**MITCHELL, WILLIAMS, SELIG, GATES & WOODYARD**

/s/ Jeffrey W. Hatfield (by consent)
**Jeffrey W. Hatfield**
425 West Capitol Ave.
Suite 1800
Little Rock, Arkansas 72201
(501) 688-8857
Email: jhatfield@mwlaw.com