IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

| | |
|---|---|
| LINDA HANEY, MARGARET SMITH, BEULAH SKIVER, MARY JO RING, MARY JANE COMSTOCK, YOLANDA CURRY and GERALDINE GARRETT on behalf of themselves and all others similarly situated,<br>     Plaintiff,<br><br>v.<br><br>THE RECALL CENTER<br>     Defendant. | CIVIL ACTION NO. 10-4003 |

## ORDER

This class action lawsuit was filed on January 14, 2010, and involves alleged violations of the Driver's Privacy Protection Act of 1994 (DPPA or Act), which regulates the disclosure of personal information contained in the records of state motor vehicle departments ("DMVs"). Plaintiffs alleged that Defendant improperly obtained Arkansas state motor vehicle department records by obtaining the State's entire database of motor vehicle registration information when it only had a permitted use for some of those records to use in connection with sending out of recall notices for automobiles.

On March 18, 2011, the Court denied Defendant's Motion to Dismiss (ECF No. 28) and on May 9, 2012, the Court granted Plaintiff's Motion for Class Certification (ECF No. 37). Plaintiffs, however, never asked the Court to approve notice or to direct notice to the class members. Thus, the putative class members were never notified that a class had been certified and that they were members of the class.

This matter is now before the Court on the Parties' Joint Motion to Approve Individual Settlement and Dismiss Class Claims Without Prejudice. ECF No. 61. The Parties in this action have agreed to the terms of an individual settlement whereby Defendant will agree to imposition of an injunction by this Court prohibiting Defendant from using any of the motor vehicle records at issue for any purpose other than in connection with recalls of automobiles and prohibiting Defendant from sharing or disclosing any motor vehicle record with any third party. The Parties further seek to dismiss all class claims in this matter without prejudice to refiling by any class member.

The Parties ask that the Court grant the requested injunctive relief and approve the dismissal of the class claims without prejudice.

Rule 23 (e) provides that:

> The claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval. The following procedures apply to a proposed settlement, voluntary dismissal, or compromise:
>
> (1) The court must direct notice in a reasonable manner to all class members who would be bound by the proposal.
>
> (2) If the proposal would bind class members, the court may approve it only after a hearing and on finding that it is fair, reasonable, and adequate.
>
> (3) The parties seeking approval must file a statement identifying any agreement made in connection with the proposal.
>
> (4) If the class action was previously certified under Rule 23(b)(3), the court may refuse to approve a settlement unless it affords a new opportunity to request exclusion to individual class members who had an earlier opportunity to request exclusion but did not do so.

> (5) Any class member may object to the proposal if it requires court approval under this subdivision (e); the objection may be withdrawn only with the court's approval.

Here the Parties seek to settle the individual named plaintiffs' claims only and do not seek to in any way bind the class members by this settlement.  For this reason, under Rule 23, the Court finds that notice to the class is unnecessary.  Additionally, although the class members are not giving up any claims, they receive protections from the proffered injunction in that the Recall Center is restricted from using the data it obtained for any purpose other than in connection with sending out automobile recall notices and it is restricted from sharing or disclosing the data to any other person or company.  Therefore, the class receives a benefit from this settlement, even though it is not a party to it and does not waive any legal rights by way of this settlement.  For these reasons, the Court, having reviewed this matter, approves the individual settlement and allows the voluntary dismissal of the class claims.[1]

Accordingly, the Court finds that the Joint Motion for Settlement should be and hereby is GRANTED.  It is further ordered that the class claims in this action are dismissed WITHOUT PREJUDICE. It is further ORDERED that the individual plaintiffs' claims in this action are dismissed WITH PREJUDICE.  Each party is to bear its own court costs and attorneys' fee.

It is further ORDERED that henceforth, Defendant Recall Center is ENJOINED from using any motor vehicle record it has received from the State of Arkansas for any purpose other than in connection with notifying persons of recalls related to motor vehicles.

---

[1] The Court has also considered the following factors and finds that these factors weigh in favor of dismissal:  (1) the possibility of any prejudice to the class members, including any claims that might have expired under the statute of limitations; (2) whether there is any evidence that class members have been relying on the named plaintiffs to protect their interests; and (3) whether there is any evidence of collusion between the active parties.

3

Defendant Recall Center is further ENJOINED from sharing, disclosing, transferring, or otherwise providing any information from motor vehicle records received from the State of Arkansas to any third parties.

If any party desires the terms of settlement to be a part of the record therein, those terms should be reduced to writing and filed with the court within thirty (30) days of the entry of this order. The court retains jurisdiction to vacate this order and to reopen this action upon cause shown that the settlement has not been completed and further litigation is necessary.

IT IS SO ORDERED this 24th day of March, 2014.

        /s/ Susan O. Hickey
        Susan O. Hickey
        United States District Judge